# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| HEATHER SPURLOCK, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-15 |
| | * | |
| v. | * | |
| | * | |
| ANDREW M. SAUL, Commissioner of Social Security, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## O R D E R

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated February 26, 2021. Dkt. No. 17. In the Report, the Magistrate Judge recommended the Court affirm the Commissioner of Social Security's decision finding Plaintiff not disabled. Id.

In her Objections, Plaintiff sets forth three arguments. Dkt. No. 21. First, Plaintiff argues the Administrative Law Judge ("ALJ") erred by not explicitly addressing Listings 12.05 and 12.11, and any implicit findings by the ALJ on these Listings are not supported by substantial evidence. Id. at pp. 1-3. Second, Plaintiff contends the ALJ improperly weighed Dr. Eaton's opinion because the ALJ's finding was not supported by substantial evidence. Id. at pp. 4-5. Finally, Plaintiff

AO 72A
(Rev. 8/82)

claims the ALJ relied on a hypothetical which incorrectly identified Plaintiff's educational level. Id. at pp. 5-6. Plaintiff's Objections track her enumerated issues in her brief, dkt. no. 14, which the Magistrate Judge fully considered and rejected. Dkt. No. 17.

Plaintiff's Objections are responsive to the Magistrate Judge's Report but are without merit. Plaintiff's Objections largely restate the arguments she made in her opening and reply briefs and express dissatisfaction with the Magistrate Judge's application of controlling law to those issues. The Magistrate Judge fully considered and addressed each of these arguments in the Report and Recommendation. The Magistrate Judge correctly concluded the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence and that the ALJ applied the correct legal standards. Nothing in Plaintiff's Objections demonstrates the ALJ's conclusions were not supported by substantial evidence or the ALJ applied an incorrect legal standard.

Moreover, Plaintiff, in her initial arguments and her Objections, generally asks the Court to decide facts anew and reweigh the evidence before the ALJ, which the Court may not do. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). For example, Plaintiff argues the ALJ's decision to give Dr. Eaton's opinion little weight is not supported by substantial evidence

and is contrary to the record. Dkt. No. 21, pp. 4-5 . However, as the Magistrate Judge explained, substantial evidence supported the ALJ's decision to discredit Dr. Eaton's opinion, and the Court must affirm an ALJ's decision that is supported by substantial evidence. Dkt. No. 17, pp. 12-16. Consequently, this Objection lacks merit, as do Plaintiff's other Objections.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **AFFIRMS** the decision of the Commissioner and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

SO ORDERED, this ___23___ day of ___March___, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA